IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TIMEKIA NIKIA PALMER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Civil No. 24-00128 MWJS-KJM<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO REOPEN CASE |

ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE

　　Before the Court is pro se Plaintiff Timekia Nikia Palmer's motion to reopen the case, which is in substance a motion for reconsideration. ECF No. 25. The Commissioner opposes it. ECF No. 26.

　　1. Palmer alleges that she suffers from severe impairments that preclude her from engaging in full-time work. She therefore applied for disability benefits under the Social Security Act. After her application was initially denied, she asked for a hearing before an Administrative Law Judge (ALJ). She appeared at that hearing without the assistance of a representative. *See* ECF No. 18-3, at PageID.994-95. Following the hearing, the ALJ denied Palmer's application, and Palmer then appealed the decision to this Court. ECF No. 1. Unable to find a lawyer, she asked this Court for assistance. ECF No. 12. This Court offered what help it properly could, but Palmer ultimately was

not able to secure representation.  ECF No. 15.  She ultimately filed a pro se brief.  ECF No. 20.

Upon a review of that brief, as well as the Commissioner's answering brief, this Court concluded that there was no ground to disturb the ALJ's findings and decision and therefore affirmed the ALJ's denial of benefits.  *Palmer v. O'Malley*, Civil No. 24-00128, 2024 WL 4647650 (D. Haw. Oct. 31, 2024).  And because the Court determined that the matter was suitable for disposition without a hearing, the Court issued its decision without holding one, as authorized by Local Rule 7.1(c).

2.  In her pending motion to reopen, Palmer emphasizes that she has been litigating on "behalf of [herself]" and "handling this case alone" because she has not been able to secure counsel.  ECF No. 25, at PageID.2819.  She argues that if a hearing had been scheduled, there were "things that" she could have "added or included" and that she could have "explained or referenced."  *Id.*  She also suggests that she would have been able to better explain the seriousness of her impairments at a hearing.  *Id.*  And so she feels she "should be given a chance to come before the judge with [her] documents and explain what has happened throughout my lifetime during the time of these applications and what is going on with [her] mentally and physically."  *Id.*; *see also id.* ("I feel as though I should be able to be in front of the judge to explain those things if I have not been able to explain them in the correct format or in the correct manner as far as the case[ is] concerned because I am doing it all by myself.").

2

These are understandable arguments.  Although Palmer suffers from severe impairments, she was unable to retain a lawyer to assist her and, consequently, was left to navigate the Social Security system alone.  That system—and the body of case law that has developed around it—is difficult to get a handle on, even for trained lawyers.  It is hard to imagine how most individuals suffering from severe impairments are supposed to do so on their own.  So it is understandable that Palmer emphasizes the fact that she litigated this case without assistance at critical stages, including both at her hearing before the ALJ and in this Court.

There is a second reason why Palmer's motion to reopen is quite understandable: she wants her day in court.  She asks for a chance to present her evidence and to offer her own statements to show that she truly is disabled within the meaning of the law.  It is certainly natural to think of a hearing in court as a chance to do just that.

But in Social Security cases, this Court is not allowed to make its own factual determinations; it does not get to decide, in the first instance, who is factually right or wrong.  This Court does not get to take new evidence or testimony.  Instead, "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Palmer*, 2024 WL 4647650, at *3 (cleaned up).  The Court's role is limited to determining whether, based on the administrative record that has already been compiled, there is enough "relevant evidence" in support of the ALJ's findings "as a reasonable mind might accept as adequate to support a conclusion." *Id.* (cleaned up).  If such evidence

3

exists in the administrative record, then this Court must affirm the ALJ, even if the Court could have reached different conclusions—were it permitted to do so—and even if an evidentiary hearing in this Court might conceivably have led to different factual findings. The point of a hearing in this Court would simply be to hear argument on the question of whether the administrative record offered legally sufficient support for the ALJ; any new documents or statements that were not already in the administrative record would have no bearing on this Court's analysis.

In this case, the Court endeavored to construe Palmer's pro se brief broadly, and it therefore considered the strongest arguments it plausibly suggested against the ALJ's decision. But even still, the administrative record—which the Court carefully reviewed—*did* provide sufficient evidence to support the ALJ's conclusions. For that reason, the Court was legally required to affirm the ALJ's decision. And for that reason, too, a hearing could not have changed that outcome. The Court's decision not to hold a hearing therefore cannot serve as an adequate basis to reopen the case or reconsider the Court's order.

The Court does not minimize the challenges Palmer has faced, either in litigating this case pro se or in managing her impairments. But because there is no sufficient reason to grant her the relief she seeks, her motion is DENIED.

//

//

IT IS SO ORDERED.

DATED: November 25, 2024, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

_____
Civil No. 24-00128 MWJS-KJM; *Timekia Nikia Palmer v. Martin O'Malley*; ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE